IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

United States of America,

Plaintiff,

-vs-

Scott Andrew Anderson,

Defendant.

Case No. 3:14-cr-19-06

**ORDER DENYING MOTION TO REDUCE SENTENCE - USSC AMENDMENT**

Defendant Scott Andrew Anderson moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").[1] The Federal Public Defender's Office has reviewed Anderson's case and requested the court decide the motion on Anderson's submissions.[2] The court has independently reviewed Anderson's motion and, for the reasons that follow, finds that he is not entitled to relief.

Anderson pled guilty to conspiracy to possess with intent to distribute and distribute a controlled substance. On November 25, 2014, the court commenced a sentencing hearing.[3] The court informed Anderson that the United States had certified two prior felony drug convictions,[4] which enhanced the penalty Anderson faced to a mandatory minimum of life.[5] The United States indicated that it would not be filing a motion for substantial assistance under 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1. The parties requested

[1] Doc. #350.

[2] Doc# 364.

[3] Doc. #340.

[4] Doc. #73.

[5] Doc. #340.

a continuance to discuss potential options in light of the United States' decision not to file a motion for departure from the mandatory minimum.

The sentencing hearing was continued until January 6, 2015.[6] At the hearing, the parties submitted a binding plea agreement. In the plea agreement, the United States would move to withdraw certification of one prior felony if Anderson agreed to a term of 25 years.[7] The court calculated the guidelines as follows: base offense level of 32 based on a conspiracy involving at least 1.5 kilograms but less than 5 kilograms of a mixture and substance containing a detectable amount of methamphetamine; a 3 level downward adjustment for acceptance of responsibility and timely notification, resulting in a total adjusted offense level of 29. Anderson was in criminal history category IV, which would ordinarily yield a guideline range of 121 to 151 months. But, because of the mandatory minimum sentence, the guideline range was life.

The United States had certified two prior felony drug convictions,[8] which enhanced the penalty Anderson faced to a mandatory minimum of life. The United States moved to withdraw certification of one prior felony, which the court granted. The motion was contingent upon Anderson accepting the binding plea agreement.[9] Anderson was informed that the court had two options: (1) accept the binding plea agreement and sentence Anderson to 25 years, or (2) reject the binding plea agreement and sentence Anderson to life unless Anderson was able to find a way to successfully set aside the prior conviction(s).[10]

---

[6] Doc. #342.

[7] Doc. #200.

[8] Doc. #73.

[9] Doc. #342, p. 22.

[10] Id. at pp. 22-23.

After discussion with his lawyer and friends, Anderson elected to accept the binding plea agreement. The court sentenced him to a term of 25 years imprisonment.

Anderson appealed to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed the judgment of this court.[11]

Amendment 782 amended U.S.S.G. § 2D1.1(c), as of November 1, 2014, to lower most base offense levels associated with various drug amounts. Section 3582(c) allows a court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(0)." In doing so, the court is to consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[12] Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

In this case, there was no motion for substantial assistance. Anderson faced a mandatory minimum sentence of life, unless he accepted the binding plea agreement for a term of 25 years. Anderson's sentence was driven by a statutorily required mandatory minimum, not a base offense level set forth in U.S.S.G. § 2D1.1. Because Amendment 782 does not affect the sentence imposed by the court, Anderson is not entitled to the requested sentence reduction.

---

[11] Doc. #349.

[12] 18 U.S.C. § 3582(c)(2).

In light of the record, the court concludes that it need not conduct a hearing on the motion.[13] Anderson's motion for a sentence reduction is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of April, 2016.

*/s/ Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court

[13] See United States v. Harris, 568 F.3d 666, 669 (8th Cir. 2009) (finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)).